IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 21-00155-04-CR-W-SRB |
| ) | |
| J'KOREAN K. HADNOTT, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On April 18, 2022, Defendant Hadnott appeared with counsel for a hearing to show cause why his bond should not be revoked for violations of his conditions of release, as set forth in the Pretrial Services Violation Report dated March 31, 2022 (Doc. 130). Doc. 149. After hearing evidence and the argument of the parties, the Court found that Defendant violated the conditions of his release. *See id*. The Court revoked Defendant's bond and ordered him detained pending further proceedings in this case. *Id*.

On May 3, 2022, the parties appeared for a hearing to discuss forfeiture of the unsecured bond of $50,000.00 that was ordered when Defendant was released.[1] Doc. 157. Rule 46(f) of the Federal Rules of Criminal Procedure requires a court to "declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f)(1). However, a court may also set aside in whole or in part a bail forfeiture if "it appears that justice does not require bail forfeiture." Fed. R. Crim. P. 46(f)(2)(B). The Eighth Circuit has identified three factors to consider in determining whether to set aside such a forfeiture: 1) the willfulness of the breach; 2) the expense, inconvenience, and

---

[1] In July 2021, the Southern District of Texas released Defendant Hadnott on a $50,000.00 unsecured bond. *See* Doc. 22 at 29-30. The bond was not cosigned by a cosigner or a surety. *Id*.

delay to the government; and 3) any other mitigating circumstances. *See Appearance Bond Sur. v. United States*, 622 F.2d 334, 336 (8th Cir. 1980).

After careful consideration of the procedural history of this case, the nature of the bond violation, and the arguments of the parties, the Court finds that justice requires the forfeiture of the unsecured bond of $50,000.00 with regard to Defendant Hadnott. Therefore, it is hereby

ORDERED that the $50,000.00 unsecured bond is forfeited pursuant to Fed. R. Crim. P. 46(f)(1). It is further

ORDERED that the forfeiture be set aside in whole as it appears to the Court that justice does not require the bond forfeiture under the present circumstances pursuant to Fed. R. Crim. P. 46(f)(2)(B).

**IT IS SO ORDERED.**

DATE: May 3, 2022         /s/ W. Brian Gaddy
                          W. BRIAN GADDY
                          UNITED STATES MAGISTRATE JUDGE